ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| INDYMAC BANK, F.S.B., ) | |
| ) | CASE NO. 5:06CV1920 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| HARRISON, RIVARD, ZIMMERMAN & ) | MEMORANDUM OPINION & ORDER |
| BENNETT, et al., ) | [Resolving Docs. # 4 & #7] |
| ) | |
| Defendants. ) | |

This matter comes before the Court on a Emergency Motion for Remand and For Attorneys' Fees, Costs and Expenses filed by Plaintiff IndyMac Bank, F.S.B. ("Plaintiff") on August 16, 2006. On August 7, 2006, Plaintiff filed a complaint against Harrison, Rivard, Zimmerman & Bennett, *et al.* ("Defendants") in the Summit County Court of Common Pleas. On August 10, 2006, five of the named Defendants -- Century Equity Group, Inc., D.P. Rossi Investments, Inc., Timothy Harvey, Robert M. Tucker and David M. Dworken (collectively the "Removing Defendants") -- filed a Notice to Remove the case to this Court on the basis of diversity of citizenship. On August 17, 2006, Removing Defendants filed a Notice of Withdrawal of Notice of Removal.

Pursuant to 28 U.S.C. § 1441(b), removal premised on diversity of citizenship is proper only if none of the removing defendants are citizens of the forum state. Here, four of the five Removing Defendants are citizens of Ohio. As a result, removal of Plaintiff's case to this Court clearly was improper under § 1441(b).

In addition, the Court finds that Removing Defendants should compensate Plaintiff for

the $12,316.17 expended as a result of the improper removal.[1] Pursuant to 28 U.S.C. § 1447(c), this Court may, upon remanding the case, award attorneys' fees, costs and expenses incurred due to an improper removal. As explained by the Supreme Court, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." Martin v. Franklin Capital Corp., 546 U.S. __, 126 S.Ct. 704, 711 (2005). The test for awarding fees is whether "the removing party lacked an objectively reasonable basis for seeking removal." Id.

Here, Removing Defendants lacked an objectively reasonable basis for removing the case to this Court. The requirement contained in 28 U.S.C. § 1441(b) that all removing defendants be non-citizens of the forum state is clear. In addition, the Court notes that the timing of the Notice of Removal is extremely suspect, coming on the eve of a state court hearing to address Plaintiff's Motion for a Temporary Restraining Order. It appears Removing Defendants intended to delay the state proceeding by improperly removing the case. Such objectively unreasonable conduct justifies the imposition of attorneys' fees, costs and expenses. Martin, 126 S.Ct. at 711.

For the reasons set forth above and during the hearing conducted on August 18, Plaintiff's Motion for Remand and for Attorneys' Fees, Costs and Expenses is hereby GRANTED. Removing Defendants' Notice of Withdrawal of Notice of Removal is DENIED as

---

[1] See *Declaration of Richard J. Landau, Esq.* (ECF Doc. #4, Exhibit 2), alleging that Plaintiff spent $4,621.37 to prepare for the state court hearing (consisting of attorneys' fees, expert witness fees, and travel and lodging expenses) and another $7,695.00 in attorneys' fees to litigate the improper removal, for a total of $12,316.37.

moot and Removing Defendants are hereby ordered to pay to Plaintiff the amount of $12,316.37.

IT IS SO ORDERED.

| | |
|---|---|
| _August 21, 2006_ | _/s/ John R. Adams_ |
| Date | John R. Adams |
| | U.S. District Judge |