ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| INDYMAC BANK, F.S.B., ) | |
| ) | CASE NO. 5:06CV1920 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| HARRISON, RIVARD, ZIMMERMAN & ) | MEMORANDUM OPINION & ORDER |
| BENNETT, et al., ) | |
| ) | |
| Defendants. ) | |

On August 7, 2006, Plaintiff IndyMac Bank, F.S.B. ("Plaintiff") filed a complaint against Harrison, Rivard, Zimmerman & Bennett, *et al.* ("Defendants") in the Summit County Court of Common Pleas. On August 10, 2006, five of the named Defendants -- Century Equity Group, Inc., D.P. Rossi Investments, Inc., Timothy Harvey, Robert M. Tucker and David M. Dworken (collectively the "Removing Defendants") -- filed a Notice to Remove the case to this Court. On August 16, Plaintiff filed a Motion for Remand and for Attorneys' Fees, Costs and Expenses. On August 21, this Court granted Plaintiff's Motion to Remand and for Attorneys' Fees, Costs and Expenses. For the reasons that follow, the Court imposes personal sanctions against Mr. Richard N. Selby, II, as counsel for Removing Defendants.

## I. Facts & Procedural History

On April 7, 2006, Plaintiff filed a complaint against Defendants in the Summit County Court of Common Pleas. Plaintiff alleges that the 53 named Defendants fraudulently obtained loans from Plaintiff to further a speculative real-estate investment in Florida. Plaintiff contends that it loaned approximately $10.5 million to Defendants. Simultaneously with the filing of the

complaint, Plaintiff filed a Motion for a Temporary Restraining Order for the purpose of preventing the divestiture of Defendants' assets. The state court scheduled a hearing for August 11, 2006 at 1 p.m. to address the temporary restraining order. Pursuant to the state court's instructions, Plaintiff sent to Defendants a complete set of pleadings and a notice of the August 11 hearing via overnight mail.[1] Plaintiff also arranged for its witnesses to travel to Akron for the hearing. On August 10, 2006 at approximately 7 p.m., Plaintiffs received notice that Removing Defendants had removed the case to this Court based on diversity of citizenship. On August 11, 2006 at 9:28 a.m., Removing Defendants' Notice of Removal was entered on this Court's docket.

Notwithstanding the filing of the removal petition, the state court required all counsel to appear as scheduled. Prior to the hearing in state court, Plaintiff asked Removing Defendants to withdraw the removal petition, believing it to be improper and defective on its face.[2] Plaintiff also informed Removing Defendants that it would seek sanctions if the petition was not withdrawn. Removing Defendants refused to withdraw the petition and, as a result, the state court concluded that it did not have jurisdiction to address the motion requesting a temporary restraining order.

On August 16, 2006, Plaintiff filed an Emergency Motion for Remand to State Court and a Motion for Attorneys' Fees, Costs and Expenses. As to the Motion for Remand, Plaintiff

---

[1] See *Declaration of Richard J. Landau, Esq.* (ECF Doc. #4, Exhibit 2). Removing Defendants do not dispute the timeline contained in Mr. Landau's declaration.

[2] Plaintiff initially believed that removal was improper because not all Defendants had consented to the removal. However, in its Motion to Remand, Plaintiff did not argue lack of unanimity. Instead, Plaintiff correctly noted that four of the five Removing Defendants are Ohio residents and, as such, removal was improper under 28 U.S.C. § 1441(b).

2

argued that removal was improper because four of the five Removing Defendants were residents of Ohio.  In support of its position, Plaintiff cited to 28 U.S.C. § 1441(b).  As to its Motion for Attorneys' Fees, Plaintiff argued that both 28 U.S.C. § 1447(c) and Martin v. Franklin Capital Corp., 546 U.S. __, 126 S.Ct. 704 (2005) permit this Court to award costs against a party in the event of a removal that is not objectively reasonable.

On August 17, 2006, this Court scheduled a hearing for August 18, 2006 at 10:30 a.m. to address Plaintiff's motions.  At approximately 4:30 p.m. on August 17, the Court telephoned Brett Bacon, Esq. (counsel for Plaintiff) and Richard N. Selby, II, Esq. (counsel for Removing Defendants) to inform them of the hearing.  In addition, at 4:49 p.m. on August 17, the Court electronically notified the parties and their counsel of the hearing.  At 5:46 p.m. on August 17, Removing Defendants filed a Notice of Withdrawal of Notice of Removal.  Notwithstanding the Notice of Withdrawal, Mr. Selby appeared at the August 18 hearing on behalf of Removing Defendants; Mr. Bacon and Richard J. Landeau, Esq., appeared on behalf of Plaintiff.

At the hearing conducted on the record on August 18, this Court granted Plaintiff's Motion for Remand and for Attorneys' Fees, Costs and Expenses.  The Court found that 28 U.S.C. § 1441(b) bars removal on the basis of diversity of citizenship if some of the removing defendants are citizens of the state in which the action was brought.  As four of the five Removing Defendants are residents of Ohio and Plaintiff filed its complaint in an Ohio state court, removal was improper under § 1441(b).  In addition, this Court ordered Removing Defendants to pay Plaintiff $12,316.37 in attorneys' fees, costs and expenses incurred by the

improper removal, as permitted by § 1447(c).[3]

## II. Law & Analysis

Before the Court is whether the award for costs incurred should be assessed against the Removing Defendants and Mr. Selby jointly and severally. For the reasons that follow, this Court finds that both Fed. R. Civ. P. 11 and 18 U.S.C. § 1927 justify the imposition of additional sanctions against Mr. Selby.

### A. Sanctions under Rule 11

By signing and filing a pleading with this Court, a person certifies that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading is "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and that "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" Fed. R. Civ. P. 11(b)(1) and (2). This Court may impose "appropriate" sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated[.]" Fed. R. Civ. P. 11(c). As explained by the Sixth Circuit, "[t]he test for the imposition of Rule 11 sanctions is whether the litigant's conduct was reasonable under the circumstances." U.S. v. $515,060.42 in U.S. Currency, 152 F.3d 491, 507 (6th Cir. 1998) (citation omitted). Further, "[w]hen a complaint is filed in state court which is subsequently removed to federal court, Fed. R. Civ. P. 11 applies at the instant the federal jurisdiction is

---

[3] Plaintiff alleges that it spent $4,621.37 to prepare for the state court hearing (consisting of attorneys' fees, expert witness fees, and travel and lodging expenses) and another $7,695.00 in attorneys' fees to litigate the improper removal, for a total of $12,316.37.

4

invoked over the proceedings." Herron v. Jupiter Transportation. Co., 858 F.2d 332, 335 (6th Cir. 1988) (citing Fed. R. Civ. P. 81(c)).

The Court finds that sanctions should be imposed against Mr. Selby pursuant to Rule 11 because his conduct in removing the case from state court was unreasonable under the circumstances. First, the timing of the filing of the Notice of Removal strongly suggests that the case was removed with the purpose of delaying the state court proceeding. Plaintiff did not receive notice that Mr. Selby had filed with the state court a Notice to Remove until the night before the state court hearing. Given Plaintiff's legitimate concern that Defendants may attempt to hide assets or circumvent the jurisdiction of the state court -- as reflected by Plaintiff's Motion for Temporary Restraining Order -- Mr. Selby's dilatory tactics are particularly egregious.

Second, Mr. Selby[4] filed with this Court a pleading that, as a matter of law, was clearly defective. Removal in this case would have been proper only if all of the Removing Defendants were not Ohio residents. 28 U.S.C. § 1441(b). However, even a cursory review of his own records would have revealed that four of the five Removing Defendants reside in Ohio. While Mr. Selby now admits that removal was improper, he contends that he simply misread § 1441. He also argues that when Plaintiff requested that the Notice of Removal be withdrawn, Plaintiff did so on the basis that unanimity was required -- not that the removal was defective under § 1441(b). The Court finds Mr. Selby's explanation unpersuasive. By signing and filing the clearly improper Notice of Removal, Mr. Selby certified to this Court that the removal was warranted by existing law. As a result, Mr. Selby had a general, affirmative duty to ensure that the Notice of Removal conformed to 28 U.S.C. § 1441 before filing the notice with this Court.

---

[4] Mr. Selby was admitted to practice before this Court on December 16, 1992 and has appeared as an attorney in 73 cases.

5

See Albright v. Upjohn Co., 788 F.2d 1217, 1221 n.5 (6th Cir. 1986) (Rule 11 imposes affirmative duty on person who signs pleading to make "reasonable prefiling inquiry"). Moreover, once Plaintiff informed Mr. Selby of a possible defect in the Notice of Removal, Mr. Selby should have inquired into whether the basis for removal was supported by existing law. See Schiappa v. Wheeling-Pittsburgh Steel Corp., 146 F.R.D. 153, 157-158 (S.D. Ohio 1993) (citing Herron, 858 F.2d at 336) (Rule 11 imposes continuing duties, particularly where opposing party notifies pleader of deficiency in the pleadings).

Having given Mr. Selby notice and an opportunity to respond, this Court finds itself constrained by Fed. R. Civ. P. 11 to impose appropriate sanctions against Mr. Selby for his unreasonable conduct in this case. The Court simply cannot and will not condone Mr. Selby's conduct.

### B. Sanctions under 28 U.S.C. § 1927

In addition to imposing sanctions under Rule 11, this Court may award attorneys' fees, costs and expenses pursuant to 28 U.S.C. § 1927. See Traveler's Insurance Co. v. St. Jude Hospital, 38 F.3d 1414, 1418 (5th Cir. 1994) (district court may impose sanctions under both Rule 11 and § 1927). As explained by the Sixth Circuit, § 1927 allows for the imposition of sanctions "personally upon an attorney who 'multiplies the proceedings in any case unreasonably and vexatiously' where the attorney's conduct amounts to a 'serious and studied disregard for the orderly processes of justice.'" Cook v. American Steamship Co., 134 F.3d 771, 774 (6th Cir. 1998) (quoting Barney v. Holzer Clinic, Ltd., 110 F.3d 1207, 1212 (6th Cir. 1997)). This Court may impose sanctions under § 1927 if there is "some conduct on the part of the subject attorney that trial judges, applying collective wisdom of their experience on the bench could agree falls

6

short of the obligations owed by a member of the bar of the court and which, as a result, causes additional expense to the opposing party." In re Reuben, 825 F.2d 977, 984 (6th Cir. 1987). In imposing sanctions under § 1927, this Court is not required to conduct a full evidentiary hearing. Cook, 134 F.3d at 775. Provided the Court "has full knowledge of the facts and is familiar with the conduct of the attorneys," Big Rapids Mall Association v. Mutual Trust Life Insurance Co., 98 F.3d 926, 929 (6th Cir. 1996), the Court is required only to give the attorney "notice and an opportunity to be heard" before imposing sanctions. Cook, 134 F.3d at 775 (citation omitted). Further, "due process . . . is a flexible concept and the particular procedural safeguards required will vary depending upon all the circumstances." Id. (citation omitted).

At the outset, the Court notes the expeditious nature in which this matter was addressed. However, Mr. Selby was given notice and an opportunity to be heard, and this Court is fully aware of the facts of this case and of Mr. Selby's conduct. Further, given the time-sensitive nature of Plaintiff's allegations and Mr. Selby's delay-inducing removal, the Court finds that the flexible concept of due process mandates a quick response.

Having given Mr. Selby an opportunity to be heard, the Court finds that he unreasonably and vexatiously multiplied the proceedings, resulting in increased costs to Plaintiff. Specifically, Mr. Selby waited until almost the last possible minute to remove Plaintiff's case to this Court -- and did so without any legal basis whatsoever. By removing the case, Mr. Selby not only delayed the state court proceedings by more than a week, but wasted both this Court's limited resources and opposing counsel's time. As a licensed member of the bar and an attorney who has appeared before this Court on 73 different cases, Mr. Selby owes his client, opposing counsel and this Court certain obligations and duties. One of those duties is to avoid unnecessarily

delaying and multiplying proceedings through the use of frivolous claims. See 28 U.S.C. § 1927. By removing Plaintiff's case with the apparent purpose of delaying state court proceeding, Mr. Selby engaged in conduct that falls well short of his obligations. Even if Mr. Selby had a good-faith reason for removing Plaintiff's case, Mr. Selby's conduct -- including his failure to withdraw the Notice of Removal until after this Court had set a hearing on the matter -- fell below an objective standard expected of a licensed attorney. See In re Reuben, 825 F.2d at 984.

Through his conduct, Mr. Selby caused Plaintiff to incur over $12,000 in additional costs. As a result, this Court finds that, pursuant to § 1927, Mr. Selby should be jointly and severally liable for Plaintiff's attorneys' fees, costs, and expenses incurred in litigating the improper Notice of Removal.

### III. Conclusion

Upon the Court's own initiative and pursuant to Fed. R. Civ. P. 11(c)(1)(B) and 28 U.S.C. § 1927, it is the Court's order that Mr. Selby be held jointly and severally liable with the Removing Defendants for Plaintiff's attorneys' fees, costs and expenses in the amount of $12,316.37.

    IT IS SO ORDERED.

| | |
|---|---|
| _August 21, 2006_ | _/s/ John R. Adams_ |
| Date | John R. Adams |
| | U.S. District Judge |